**Date signed November 12, 2004**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| LATASHA LAVONNE BENNETT | * | Case No.    03-17361PM |
| | * | Chapter    7 |
| | * | |
| Debtor(s) | * | |
| ************************************* | * | |
| FORD MOTOR CREDIT COMPANY | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| vs. | * | |
| DONNA BONITA HEMSLEY d/b/a TIGER'S AUTO BODY & DETAIL SHOP | * | Adv. No.    03-1483PM |
| | * | |
| Defendant | * | |

**RESTATED[1]**
**MEMORANDUM OF DECISION**

This matter comes before the court on a Motion to Amend and/or For Relief from this court's May 6, 2004 Order Dismissing Adversary Proceeding and a Motion to Allow Submission of Additional Evidence filed by the Plaintiff, Ford Motor Credit Company ("Ford"). The facts and procedural posture of this case are as follows.

---

[1] This Opinion has been edited after it was originally entered.

Debtor filed a bankruptcy case under Chapter 7 on July 15, 2003.  Her Statement of Intention filed pursuant to 11 U.S.C. § 521(2)(A) stated that she would surrender her 2000 Lincoln to Ford.  Ford filed this adversary proceeding on December 23, 2003, seeking a declaratory judgment and damages for violation of the automatic stay against Donna Bonita Hemsley, d/b/a Tiger's Auto & Detail Shop.  The Debtor, LaTasha LaVonne Bennett, purchased the Lincoln subject to a purchase money security interest that was acquired by Ford.  On July 14, 2003, the day before this bankruptcy case was filed, Ford received notice from Hemsley that the car was subject to a mechanic's lien and would be sold to satisfy said lien.  Ford advised Hemsley of the bankruptcy and that selling the car was prohibited by the automatic stay imposed by the Bankruptcy Code.  Nonetheless, Hemsley went forward with the foreclosure sale pursuant to her alleged lien under MD. CODE ANN. COM. LAW II § 16-202 (C) (2000).  She thereupon filed an Application for Certificate of Title, which was later issued, reflecting Tiger's Auto Body & Detail Shop as the owner of the car.  Next, she sold the Lincoln to CarMax and retained all proceeds of the sale.

The relief requested by Ford was for a declaratory judgment that the mechanic's lien sale of the vehicle and the retitling of the vehicle into the Defendant's name was void, *ab initio*, as a violation of the automatic stay.  Ford requested attorneys' fees and punitive damages of $50,000 pursuant to 11 U.S.C. § 362(h) against Hemsley for her willful violation of the automatic stay.  There was no request to hold Hemsley in contempt of court.

Hemsley neither filed an answer nor appeared, and a Clerk's Default was entered.  Accordingly, pursuant to Fed. R. Civ. P. 8(d), as made applicable through Fed. R. Bankr. P. 7008, the averments of the Complaint were deemed admitted.  Ford then filed a Motion for Default Judgment, and on March 25, 2004, the court held a hearing on damages at which Hemsley appeared for the first time.

Because the court was uncertain as to whether the allegations in the Complaint were sufficient to state a cause of action, it requested the parties to submit additional memoranda upon two issues.  These issues were whether under § 362(h) of the Bankruptcy Code recovery for a willful violation of the automatic stay is limited to the Debtor, and second, whether MD. CODE ANN. COM. LAW II, § 16-207(e) is applicable to the transaction.[2]  The court then ruled that, because the

---

[2] **§ 16-207.  Unpaid account settled by public sale; applicability of notice requirements.**

(e) *Application of proceeds generally.* - (1) If the notice required under § 16-203(b) of this subtitle was sent, the proceeds of a sale under this section shall be applied, in the following order, to:
(i) The expenses of giving notice and holding the sale, including reasonable attorney's fees;
(ii) Subject to subsection (f) of this section, storage fees of the third party holder;
(iii) The amount of the lien claimed exclusive of any storage fees except as provided in subsection (f)(2) of this section;
(iv) A purchase money security interest; and
(v) Any remaining secured parties of record who shall divide the remaining balance equally if there are insufficient funds to completely satisfy their respective interests, but not to exceed the amount of a security interest.
(2) Except as provided in paragraph (3) of this subsection, if the notice required under § 16-203(b) of this subtitle was not sent, the proceeds of a sale under this section shall be applied, in the following order, to:
(i) A purchase money security interest;
(ii) All additional holders of perfected security interests in the property;
(iii) The expenses of giving notice and holding the sale, including reasonable attorney's fees;
(iv) Subject to subsection (f) of this section, storage fees of the third party holder;
(v) The amount of the lien claimed exclusive of any storage fees except as provided in subsection (f)(2) of this section;
(vi) Any remaining secured parties of record who shall divide the remaining balance equally if there are insufficient funds to completely satisfy their respective interest, but not to exceed the amount of a security interest.
(3) For a motor vehicle lien created under this subtitle, if the notice required under § 16-203(b) of this subtitle was not sent:
(i) The proceeds of a sale under this section shall be applied in the order described in paragraph (1) of this subsection;
(ii) The amount of the lien claimed in paragraph (1)(iii) of this subsection

automatic stay protects only the debtor and does not protect the interests of non-debtor parties or their property, the adversary proceeding be dismissed. In its Motion for Reconsideration Ford addressed those issues upon which the court requested additional memoranda. Ford also filed a Motion to Allow Submission of Additional Evidence.

## I. Discussion

Section 362(h) provides as follows:

> **11 U.S.C. § 362.  Automatic stay**
>
> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Because of the Defendant's default, it is not disputed that Defendant, with actual knowledge of the bankruptcy proceeding, conducted a mechanic's lien sale of the vehicle. This is a willful violation of the automatic stay pursuant to § 362(a)(2), (3), (4) and (5). "A violation of the stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay[.]" *Barnett v. Edwards (In re Edwards)*, 214 B.R. 613, 620 (CA9 BAP 1997).

**A.  Avoidance of the Sale**

There is a diversity of opinion among the circuit courts as to whether an action taken in violation of the stay is void or merely voidable. *In re Lampkin*, 116 B.R. 450, 451-52 (BC. Md. 1990). At the time that *Lampkin* was drafted the score was 6-1 in favor of such actions as being void. However, in the case of *Winters By and Through McMahon v. George Mason Bank*, 94 F.3d 130, 136 (CA4 1996), the Fourth Circuit declined to address this issue and to date, has yet to do so

---

may not include any amount for storage charges incurred or imposed by the lienor.
    (4) After application of the proceeds in accordance with paragraph (1) or (2) of this subsection, any remaining balance shall be paid to the owner of the property.

4

in a reported opinion. Accordingly, this court followed what it found to be the general rule in *Lampkin,* finding that actions taken in violation of the automatic stay of 11 U.S.C. § 362(a) are void. This holding is supported by 3 COLLIER ON BANKRUPTCY ¶ 362 11[1] (15TH Rev. Ed. 2004). However, as it is not disputed that the vehicle is in the possession of a bona fide purchaser for value from whom the vehicle cannot be recovered, all the court can do at this point is to declare the lien foreclosure sale void.

**B. Recovery Under 11 U.S.C. § 362(h)**

Plaintiff seeks to use § 362(h) to recover punitive damages against Defendant for her willful violation of the automatic stay. The issue facing the court is whether Plaintiff, as a secured creditor in the Chapter 7 bankruptcy case, has standing to recover under this section.

To have standing to seek the requested relief a plaintiff must have a personal stake in the outcome of the controversy as well as be the class of persons intended to benefit from the statute. *Allen v. Wright*, 468 U.S. 737, 751 (1984) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). It is evident that Plaintiff has a strong personal stake in the outcome. The sale of the car resulted in a deprivation to the Plaintiff of the opportunity to enforce its interests in the vehicle, this injury was caused by Defendant's conduct, and recovery of monetary damages most certainly would redress the wrong. The more difficult question is whether Plaintiff is within the class of persons intended to benefit from § 362(h). This section provides the relief available to "[a]n individual injured by any willful violation of a stay."

While the Circuits are split as to whether the term "individual" as used in § 362(h) applies to a non-natural person, the Fourth Circuit has given a broad reading to "individual" and construed it to enable a corporate debtor to recover damages under § 362(h).

> § 362(h) must be read in conjunction with the rest of § 362 . . . its sanctions are not limited to the relief of an "individual" in the literal sense.  The Bankruptcy Code does not define the word individual.  We agree that it seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the Code as opposed to debtors which are corporations or other like entities . . . [w]e construe the word "individual" to include corporate debtor.

*Budget Service Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (CA4 1986).  Plaintiff now asks that the term "individual" be further extended to include a corporate creditor.

Despite the split amongst the courts as to the interpretation of "individual," the application of this section to both debtors and creditors has been relatively consistent.  For example, the court in *McRoberts v. S.I.V.I., (In re Bequette)*, while holding that "under the plain meaning of the statute, the damages remedy of § 362(h) is limited to natural persons and is not available to corporate plaintiffs," also stated that the "remedy of § 362(h) is available to debtors and creditors."  184 B.R. 327, 335 (BC S.D. Ill. 1995).  Additionally, in *Homer Nat'l Bank v. Namie,* in holding that § 362(h) was a remedy available to a corporate creditor, the court reasoned that it seemed "illogical to conclude that Congress intended to limit  § 362(h) to debtors when one of the principal purposes behind the automatic stay is to protect creditors from unequal treatment."  96 B.R. 652, 655 (W.D. La. 1989).

As most clearly explained in *United States v. Miller*:

> The automatic stay provided by § 362 is intended to serve two separate interests.  The first and most obvious interest served is that of the debtor, by providing him with a "breathing spell." . . .
>  . . . Less obvious but no less important interests protected by § 362 are those of creditors, who are "clearly intended to benefit from § 362." . . . Congress intended to confer rights on creditors as parties for whose benefit the automatic stay was promulgated.  Creditors "are clearly parties in interest under the meaning of the Bankruptcy Code [where] they have a pecuniary interest that was adversely affected" by a postpetition transfer of property.(quoting *In re Reserves Dev. Corp.*, 78 B.R. 951, 957 (W.D. Mo. 1986) *rev'd on other grounds*, 821 F.2d 520 (CA8. 1987) (alteration in original)) .  The legislative history of § 362 clearly recognizes that creditors are beneficiaries when it states:

6

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against debtor's property. Those who acted first would obtain payment of their claim in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. (quoting 1978 U.S.C.C.A.N. at 6297).

2003 WL 23109906 at *7 (N.D. Tex. 2003)(other citations omitted).

The stay is intended to protect the interests of creditors as well as debtors, and "[t]hose persons whom Congress has designated as beneficiaries of the stay have standing to asserts its violation." *Advanced Ribbons and Office Prods., Inc. v. U.S. Interstate Distrib., Inc. (In re Advanced Ribbons and Office Prods., Inc.)*, 125 B.R. 259, 263 (CA9 BAP 1991).[3]

Because Plaintiff is a person to whom the stay was intended to protect, and because Plaintiff asserts an injury that is precisely the type of injury the stay was meant to prevent, Plaintiff has constitutional and statutory standing to pursue this action. *E.g.*, *City of Farmers Branch v. Pointer (In re Pointer)*, 952 F.2d 82, 85 (CA5 1992). To hold otherwise would destroy the rights of creditors who obey the automatic stay and reward the violators of the stay for their unlawful conduct. Plaintiff is the only party in interest likely to pursue an action against Defendant for her violation of the automatic stay. Both the Debtor and the estate hold a negative equity position in the vehicle. Although the vehicle was fully encumbered and the estate is being liquidated, when the stay

---

[3] *See also Siskin v. Complete Aircraft Srvs. Inc. (In re Siskin)*, 231 B.R. 514, 518-19 (B.C. E.D.N.Y. 1999) (holding § 362(h) not available to individual whose claim does not involve Debtor's property or an interest of the estate); *compare Tilley v. Vucurevich (In re Pecan Groves of Ariz.)*, 951 F.2d 242, 245 (CA9 1991) (holding "that a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay"); *but see In re Int'l Forex of Cal., Inc.*, 247 B.R. 284, 291 (BC S.D. Cal. 2000) (stating *Pecan Groves* has been "overstated for the proposition that the automatic stay is solely for the benefit of a debtor," and reading *Pecan Groves* as holding "only what it held – that where a chapter 7 trustee opts not to appeal an adverse ruling on an alleged stay violation, intervening creditors may not do so").

was violated the vehicle had not been abandoned and was property of the estate pursuant to Bankruptcy Code § 541(a).

**C. Recovery of Sale Proceeds**

Plaintiff also requests that the court find MD. CODE ANN. COM. LAW II § 16-207(e) (2000) inapplicable to these proceedings. Section 16-207(e)(3) allows for the application of sale proceeds towards satisfaction of a mechanic's lien over a purchase money security interest. Thus, if applicable, Plaintiff would not be able to recover for the portion of the sale proceeds used to satisfy the mechanic's lien, even in the absence of proper notice of the sale.

Plaintiff submits that due to evidence offered at the damage hearing that came to light after the filing of this case, there was no basis for a mechanic's lien by which the Defendant could sell the vehicle. Plaintiff moved to submit additional evidence that would show that no repairs were made on the vehicle and that Defendant fraudulently converted the vehicle for her own use, and that Plaintiff suffered compensatory damages as a result of such conversion. If true, this would mean that Plaintiff could recover the entire proceeds of the sale, and not just those proceeds remaining after satisfaction of the mechanic's lien. Accordingly, the court finds it necessary to hold a further hearing on damages.[4]

## II. Conclusion

Based upon the foregoing, the court finds that dismissal of the adversary proceeding was inappropriate. An appropriate order has been entered.

---

[4] The evidence offered by the Plaintiff included testimony from a representative of CarMax, the purchaser of the vehicle from the Defendant. Based on that testimony, the court found as a fact that the Defendant never made the repairs claimed to have been made by the Defendant that formed the basis for the mechanic's liens.

cc:
Michael J. Klima, Esq. 401 E. Pratt Street, Suite 444, Baltimore, MD 21202
Donna B. Hemsley, 4218 Drake Court, Waldorf, MD 20603
Latasha L. Bennet, 4218 Drake Court, Waldorf, MD 20603
George M. Blumenthal, Esq., 3 Post Office Road, Suite 102, Waldorf, MD 20602
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**